874 F.2d 1006
 25 Soc.Sec.Rep.Ser. 469
 Eudelia GARCIA, on Behalf of Mary GARCIA, Linda Garcia,
Annie Garcia, and Abel Garcia, Jr., Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 88-5654
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 7, 1989.
 
 Richard T. Haase, Haase & Haase, San Antonio, Tex., for plaintiff-appellant.
 Joseph B. Liken, Dallas, Tex., James W. Jennings, Jr., Asst. U.S. Atty., and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before RUBIN, GARWOOD and DAVIS, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The issue is whether the birth certificate of a child born out of wedlock completed by a midwife naming a deceased wage earner as both the father of the child and as the informant who supplied that information constitutes a written acknowledgement of paternity sufficient to entitle the child to social security survivors' benefits. We hold that, without additional evidence tending to prove that the wage earner authorized the midwife to identify him in writing as the father, the certificate does not suffice.
 
 I.
 
 2
 Eudelia Garcia and her four children have been receiving survivors' social security benefits since soon after the death of her husband, Abel Garcia, on October 7, 1975. Nine years after Abel's death, Ramona Saenz filed an application to share in those benefits on behalf of her children, Mary and Anna, who, she claimed, were fathered by Abel Garcia. Although an administrative law judge denied benefits to both of the children, the Appeals Council of the Social Security Administration reversed in part, finding that there was sufficient written proof that Abel was Mary's father, but that there was no such proof as to the claims for Anna. The Council's ruling would reduce Ms. Garcia's prospective benefits and require her to reimburse past overpayments because Mary would have been entitled to a portion of the funds that had already been paid to Ms. Garcia. Ms. Garcia therefore appealed the Council's ruling to the United States District Court for the Western District of Texas, but that court upheld the Council's decision.
 
 II.
 
 3
 The Social Security Act provides that an illegitimate child of a deceased insured may recover benefits if "such insured individual ... had acknowledged in writing that the applicant is his or her son or daughter."[1] This requirement has been interpreted by the Secretary in a fashion that gives claimants the utmost favor. The Secretary has held that the written acknowledgement need not be signed, and that "the [writing] requirement is satisfied if the trier of fact can determine that [the] document in question constitutes a written acknowledgement made or otherwise authorized by the insured worker that an applicant for child's insurance benefits on his account is his son or daughter."[2]
 
 
 4
 Although Ms. Saenz presented a number of documents and photographs to prove Abel Garcia's paternity of Mary and Anna, the administrative law judge found that none of them satisfied the statutory requirement. The Appeals Council allowed Mary's claim, however, because her birth certificate, completed by a midwife, "not only lists [Abel Garcia] as her father, but also shows [him] as the informant." The Council stated:
 
 
 5
 The birth certificate was presented by the local registrar on July 1, 1971, four days after Mary's birth, and was received by the Texas Department of Health on July 27, 1971. It is certified by the State Registrar to be an exact photographic copy of the original.... The Appeals Council believes that there is no reason to question the validity or authenticity of this document or that the wage earner, as informant, provided the paternity information, listing himself as Mary E.'s father. It is also noted that the document was prepared approximately 4 years prior to the wage earner's application for a period of disability and disability insurance benefits, so that it is apparent that the wage earner's name was not listed with any intent of financial gain. (Emphasis added).
 
 
 6
 The Appeals Council concluded that "[t]he wage earner, as informant for the information provided on Mary E. Garcia's birth certificate, acknowledged in writing that Mary E. Garcia is his daughter."
 
 
 7
 The crucial issue, however, is not whether Abel Garcia provided information about Mary's paternity to Petra Alonzo, the midwife who completed her birth certificate. Instead, the provision of the Social Security Act on which Mary relies, as previously interpreted by the Secretary, requires us to focus on a single question: whether Abel Garcia authorized Ms. Alonzo to acknowledge his paternity in writing. There is no evidence in the record that he did. Abel Garcia's name is printed in the blank marked "informant" on the certificate, but there is no other evidence that he provided Ms. Alonzo with information concerning whether he was Mary's father. Even if he did, it does not follow that he authorized her to put an acknowledgement of his paternity in writing. Moreover, although Ms. Alonzo provided an affidavit for this litigation that she had delivered "Maria Elisabel Garcia daughter of Abel and Ramona Garcia," she did not state that Abel Garcia had authorized her to write on the certificate that he was Mary's father.
 
 
 8
 Given the lack of evidence, the Secretary defends the Council's decision on two grounds. First, the Secretary maintains that Eudelia Garcia had the burden of disproving the accuracy or authenticity of the information on the birth certificate. Second, the Secretary urges the broader principle that it is within his discretion to rule that "a written document which appears to constitute a written acknowledgement of paternity will be deemed to comply with the statute unless it can be proven to be something else." Neither contention suffices to justify the Council's decision.
 
 
 9
 The Secretary has suggested in the past, without precisely holding, that the "burden of offering proof to discredit" the authenticity of what appears on its face to be a signed acknowledgement of paternity falls on the party challenging it.[3] If that is the Secretary's policy, we defer to it. Even if the certificate is treated as both authentic and accurate in all respects, however, it does not satisfy the statute, for it nowhere states that Garcia authorized Ms. Alonzo to acknowledge his paternity in writing. Incomplete or ambiguous acknowledgements of paternity are not construed presumptively in illegitimate claimants' favor.[4]
 
 
 10
 The Secretary's second defense must be rejected for the same reason. The written statement that Abel Garcia was Ms. Alonzo's informant at most means that he told Ms. Alonzo that he was Mary's father. If a father's admission of paternity to someone who subsequently stated the fact of the admission in writing could suffice to establish a child's presumptive entitlement to benefits, the effect would be to erase from the Social Security Act the requirement that the insured must acknowledge paternity in writing. The Act is not satisfied by a third person's statement in writing that a wage earner was the father of a claimant, but only by a written acknowledgement, a statement in writing made by or at least made on the authority of the father. The claimant must submit evidence that the asserted father not only informed someone that he was the claimant's father, but also authorized him to write that fact down.
 
 III.
 
 11
 For these reasons, the judgment is REVERSED and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 42 U.S.C. Sec. 416(h)(3)(C)(i)(I)
 
 
 [2]
 Social Security Ruling 72-32 (emphasis added)
 
 
 [3]
 Social Security Ruling 79-22. But cf. Social Security Rulings 72-32, 68-54
 
 
 [4]
 See Chester for Chester v. Secretary of Health, 808 F.2d 473, 475 (6th Cir.1987); Montgomery v. Schweiker, 523 F.Supp. 1128, 1132 (D.Md.1981); Social Security Ruling 68-54